FROM: 36087013
TO:
SUBJECT: ACTUAL INNOCENCE CLAIM
DATE: 2/5/2011 1:03:16 PM

2011 FEB 23 PM 12:52

GREGORY C. LANGHAM
CLERK

BY _____ DEP. CLK

# DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Ronald Roy Hoodenpyle
 Petitioner/Defendant

10-cr-00595-CMA
09-cr-00013-MSK
~~10-mj-01182-KLM~~

Vs.

UNITED STATES OF AMERICA
 Respondent/Plaintiff

Verified
Affidavit

## ACTUAL INNOCENCE CLAIM

## MOTION FOR DISMISSAL OF INDICTMENT WITH PREJUDICE AS THE COURT HAD NO JURISDICTION OVER PETITIONER

### I. PRAYER FOR RELIEF

This motion to dismiss is filed pursuant to F.R. Crim. P. 12)b)(3). Petitioner files this Demand to a Constitutional court to have the proceedings dismissed with prejudice as no valid court of jurisdiction exists in this case. When jurisdiction is challenged, all proceedings must cease pending the outcome of the challenge. Rhode Island v. Massachusetts, 39 US 657 (1838). "Once jurisdiction is challenged, all proceedings must cease. The government of the United States may, therefore, exercise all, but no more than all the judicial power provided for it by the Constitution."

A. Findings of Fact

 Petitioner requests the court take mandatory judicial notice as confirmed by Congressional records pursuant to F.R.E. 201 of the following facts in this case:

 1) That no quorum was present for the House of Representatives vote on Title 18 (Public Law 80-772)

EXHIBIT (A)

1.

    on Title 18 (Public Law 80-772) on May 12, 1947[1], as confirmed by Congressional records, and that was the only vote on Public Law 80-772 in the first session of Congress in 1947;

2)  That no other vote occurred, as confirmed by Congressional records, by the House of Representatives on Title 18 (Public Law 80-772) in 1948.

3)  That Congress adjourned at 7 A.M. on June 20, 1948, and Congress was completely adjourned and no quorum was present when the president pro tempore of the Senate and the Speaker of the House "signed" Public Law 80-772 on June 23, 1948.

4)  That Public Law 80-772 contained a jurisdictional section, 18 USC Section 3231 (1948), which is the only section of that bill which gives the court jurisdiction to prosecute crimes against individuals.

5)  That the prior section to 18 USC section 3231, 18 USC section 546 (1940), was repealed by the 80th Congress.

6)  That according to the Fair Warning Doctrine, a court has no jurisdiction pursuant to the 1909 enactment of Title 18.

**B.**  **Findings of Law**

Petitioner requests this Court take mandatory judicial notice of the law of the case:

---

[1] The rules and practices of the House of Representatives governing quorums and voting on the floor are closely intertwined, and derive from two provisions of Article I of the Constitution. Regarding quorums, clause 1 of Section 5 states in part that "a Majority of each [House] shall constitute a Quorum to do Business; but a smaller Number may adjourn from day to day, and may be authorized to compel the Attendance of absent Members, in such Manner, and under such Penalties as each House may provide." Regarding voting, clause 3 of the same section provides in part that "the Yeas and Nays of the Members of either House on any question shall, at the Desire of one fifth of those present, be entered on the Journal."

1)      That according to the Quorum Provision of the Constitution of the United States, Article I, Section V, Clause 1 of the Constitution, a quorum is required to conduct business: "Each House shall be the Judge of the Elections, Returns and Qualifications of its own Members, and a Majority of each shall constitute a Quorum to do Business; but a smaller Number may adjourn from day to day, and may be authorized to compel the Attendance of absent Members, in such Manner, and under such Penalties as each House may provide".

2)      That according to *United States v. Ballin*, 144 U.S. 1 (1892), a quorum is required to pass legislation.[2]  <u>Public Law 80-</u>

---

[2] *United States v. Ballin*, <u>144 U.S. 1</u> <u>(1892)</u>[1] is a decision issued on February 29, 1892 by the <u>United States Supreme Court</u>, discussing the constitutional definition of "a <u>quorum</u> to do business" in <u>Congress</u>. Justice <u>David Josiah Brewer</u> delivered the opinion of the unanimous Court, analyzing the constitutional limitations for the <u>United States Senate</u> and <u>United States House of Representatives</u> when determining their Rules of Proceedings. In particular, the Court noted that it is well within the powers of the House and Senate to establish their own rules for verifying the presence of a majority of their members.

The case was brought up after the <u>U.S. Board of General Appraisers</u> affirmed the decision of the <u>Collector of New York</u> to classify imported <u>worsted</u> cloth as <u>woolens</u> in order to levy a higher rate of customs duty. The importers challenged the validity of the law authorizing the duty increase, alleging an absence of a legislative quorum when the law was passed. On appeal, the <u>Circuit Court of the United States</u> for the Southern District of New York sustained the claim of the importers and reversed the decision of the Board; the United States appealed to the Supreme Court. The Supreme Court reversed the judgment of the circuit court, upholding the Board's decision, and establishing unambiguously that when quorum is present, votes of a majority of that quorum are sufficient to pass a bill in <u>Congress</u>.

For its first 100 years of existence, the United States House of Representatives did not pass legislation unless a full quorum of the House approved the bill.[2] Those present, but not voting, could block votes and prevent a quorum—the technique of the <u>disappearing quorum</u>. The practice was terminated on February 1890, with the adoption of a new set of House rules. In particular, Rule XV (passed on February 14, 1890) established that a quorum is satisfied if a majority of members are present, even if they withhold their votes on a particular bill

3

772 which purported to enact Title 18, United States Code,

Act of June 25, 1948, Chapter 645, 62 Stat. 683 *et seq.*, and

On March 1, 1888, the Ways and Means Committee of the House had started review of the McKinley Tariff bill which would eventually pass the House on May 21, 1890 One part of the tariff bill, authored by Nelson Dingley, Jr. and known as the Worsted act, would "authorize and direct the Secretary of the Treasury to classify as woolen cloths all imports of worsted cloth, in order to levy a higher rate of customs duty. The Worsted act came up for vote on May 9, 1890, garnering 138 yeas and 3 nays. House Speaker Thomas B. Reed requested a roll call, and 74 representatives were recorded by the clerk in the House Journal as being present and refusing to vote. The speaker concluded that those voting, together with the 74 members withholding their votes (in total more than 166 representatives), constituted a quorum present to do business. The House at the time comprised 330 seats.[9] Since 138 yeas were more than one-half of the members present, the speaker declared that the Worsted act had been passed.

In July 21, 1890, Ballin, Joseph & Co imported into New York certain manufactures of worsted. In agreement with the Worsted act, the collector assessed the duty rate prescribed at the time for manufactures of wool. The importers contended that the duty collected was in excess of what the law permitted, according to schedule K of 22 Stat. 488, c.121. In their request for refund from the Board of General Appraisers, the importers argued that the Worsted act had been enacted in violation of Article I, Section 5 of the Constitution of the United States. In particular, Ballin argued that a quorum of the House had not been present when the vote was taken and therefore the bill had not been legally passed

On October 13, 1890, the Board ruled against Ballin. Judge Henderson M. Somerville drafted the Board's decision, concluding that the act of May 9, 1890, had been constitutionally enacted and that the duty had been correctly assessed by the New York collector The importers appealed to the Circuit Court of the United States for the Southern District of New York, which reversed the decision of the Board. The circuit court reasoned that the act Congress had passed "expressly confined the exercise of its powers to the Secretary of the Treasury, in exclusion of any other officer" and that the collector had overstepped his bounds.

The Supreme Court heard oral arguments on December 2, 1891, with Attorney General William Miller and Solicitor General William Howard Taft arguing the case for the government. Edwin B. Smith represented Ballin, Joseph & Co. Two questions were presented to the Court: *Was the act of May 9, 1890, legally passed?*, and *What was the act's meaning?* On February 29, 1892, the Court issued its unanimous decision, addressing both questions in turn.

The Court started by assuming that information recorded in the House Journal is always accurate. This effectively dismissed any claims based on possible mistakes in the journal. The Court noted that Speaker Reed's actions on May 9, 1890, as recorded in the journal, had been in direct compliance with Rule XV. Rule XV had been legally enacted under the Rules of Proceedings Clause of the Constitution, Article I, Section 5, Clause 1, of the Constitution provides that "a majority of each [house] shall constitute a quorum to do business." Rule XV provided the House with a clear method to establish the presence of a quorum.

4

(2) more specifically, Section 3231 thereof, 62 Stat. 826, which purported to confer upon "the district courts of the United States ... original jurisdiction ... of all offenses against the laws of the United States." These legislative Acts violated the Quorum, Bicameral and/or Presentment Clauses mandated respectively by Article I, § 5, Cl. 1, and Article I, § 7, Cls. 2 and 3, of the Constitution of the United States. The federal district court which ordered commitment of this Petitioner, under Section 3231, lacked jurisdiction and, therefore, any judgment and commitment order is *void ab initio*. To imprison and detain a Petitioner and cause him future harm under a *void* commitment order is unconstitutional and unlawful. Therefore, Petitioner must be discharged from any present illegal confinement and his indictment or information, plea, and any judgment must be declared *void immediately* to prevent future harm. The Supreme Court has declared in *Glover v. United States* that even one additional day in prison without authority has Constitutional significance. 531 U.S. 198 (2001).

One bill, H.R. 3190, was allegedly passed by the House of Representatives on May 12, 1947, in the first session of the 80th Congress. In fact, it was *not passed* because no quorum was present.[3] A second, distinct, amended, and entirely different bill, H.R. 3190,

---

[3] Like most legislative bodies, both branches of United States Congress have a *"quorum requirement"* which is a Constitutional provision setting the minimum number of members allowed to do

was "passed" by the Senate in the second session of Congress in 1948. The first bill, the House bill, was allegedly truly enrolled, but as evidence now discloses, no quorum was present for the passage of the bill. The second bill, the Senate bill, not passed by the House, was signed by the Speaker of the House and President of the Senate on June 23, 1948, after Congress was fully and completely adjourned and disbanded, not in session and no quorum was present. *Evidence presented herein now establishes that the bill was not passed by the House in 1948, as the House has now admitted.* Thus, the Congress violated the *quorum clause* of the Constitution twice. The first violation was on May 12,

---

business. In essence, it is similar to the saying "majority rules". If there were no such requirement as this, the founding fathers were fearful that a few rogue members of Congress might be able to meet secretly and pass legislation, even though the actual voting members would represent only a fraction of the American people claiming to be representatives of the views of the American people. This *"quorum requirement"* is founded in the U.S. Constitution's spirit and intent, in that it still allows *"rule by the people"*, yet it also provides the necessary protection we expect and depend on by requiring a "quorum or majority" number of people voting for a particular choice in order for it to win or pass. This was the founding fathers' way of utilizing the ever so important theory of "check and balance". Further, since it is a constitutional mandate, the drafting members of the U.S. Constitution knew that *it cannot be changed without a constitutional amendment.* Art. 1, Sec. 5, of the Constitution provides that "...a Majority of each [House] shall constitute a Quorum to do Business; but a smaller Number may adjourn from day to day, and may be authorized to compel the Attendance of absent Members, in such Manner, and under such Penalties as each House may provide."

In practice, parliamentary rulings in the House and Senate, beginning as far back as the Civil War, have defined the quorum in a more liberal sense. It has been held that a quorum is greater than a majority of the members of each house. However, as time moved forward, so did the definition of quorum. The quorum requirement in the House is presently defined by established precedents to be a *"majority of the members who are "chosen, sworn and living."* The most significant aspect of the current interpretation for the purposes of continuity of government is the provision that only a majority of the living members needs to be present for a vote rather than a majority of the whole number of seats. This current interpretation of the quorum requirement ensures that Congress could operate even after a massive death toll, but it could call into question the legitimacy of any legislation passed if necessary.

Title 18 of the United States Code was enacted by legislation allegedly "passed" by the House of Representatives on May 12, 1947 and then by the Senate on June 18, 1948. Yet, an analysis of the vote used to pass the legislation in the House of Representatives shows that no quorum existed at the time the legislation was passed. In fact, the Congressional Record, 93 Cong. Rec. 5049, shows that on May 12, 1947, there were only 44 members present out of the total 435 members who are enrolled in the House of Representatives. Therefore, with only 44 members of the House actually present, a mere 10 percent of the total available members, there was no constitutionally required quorum of members present for the formal vote to pass Public Law 80-772. Petitioner requests the court to take mandatory judicial notice of 93 Cong. Rec. 5049. 93 Cong. Rec. 8392, shows an example of a vote in the House that did not have quorum (only 103 members present) and was objected to based on this quorum issue. Petitioner requests the court to take mandatory judicial notice of 93 Cong.Rec. 8392.

6

1947, when no quorum was present for the House vote. The second violation was in the second session of the 80th Congress in 1948, when the House never voted on the bill. Thus, according to the Constitution, and Supreme Court precedent, the act must be declared unconstitutional. See *United States v. Ballin*, 144 U.S. 1 (1892)( "The other branch of the question is whether, a quorum being present, the bill received a sufficient number of votes, and here the general rule of all Parliamentary bodies is that when a quorum is present, the act of a majority of the quorum is the act of the body")

The bill signed into law by President Truman on June 25, 1948, the amended Senate bill not passed by the House, not the House bill which was truly enrolled, and was signed by Congress after Congress was fully and completely adjourned and no quorum was present, is therefore a political law and not a statute authorized by Congress.

The bill signed into law as Public Law 80-772 was also not published in the Federal Register as required by the Federal Register Act, 44 USC § 1501, et seq. (1935) and therefore its purported enactment is in violation of Due Process.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant submits this Motion by Affidavit and respectfully prays this Honorable Court to:

A. Declare the findings of fact of Petitioner to be judicially noticed on the record;

B. Declare the findings of law of Petitioner to be judicially noticed on the record;

C. Declare Public Law 80-772 and 18 USC section 3231 unconstitutional;

D. Declare Petitioner actually innocent of any alleged crimes charged;

E. Issue an immediate order of release of Petitioner;

*Ronald Roy Hoodenpyle*

7

RONALD ROY   HOODENPYLE, Estate.
Executor Office.
Nation California.
General Post-Office.
Aviara Parkway – one seven zero zero.
Carlsbad. HOODENPYLE Province.
United States Minor, Outlying Islands.
Near. [92011-9998]

Done by the Light of the Day - of _Twenty Two_ December two zero one zero
==================
==================

Office of Director
Attention: James C. Duff
Administrative Office of the United States Courts
One Columbus Circle, NE
Washington, D.C.
U.S.A. [20544]

To: The Office of Director, Administrative Office of the United States Courts

From: Executor Office - RONALD ROY   HOODENPYLE, Estate.

Regarding: Unauthorized administration of RONALD   ROY HOODENPYLE, Estate;
   [United States District Court for the District of Colorado – Case Number 09-cr-00013]

Enclosed you will find "abandoned" paperwork which appears to erroneously "allege" that Matthew T. Kirsch, Attorney-At Law, Colorado # 29919, who by his unwarranted acts, fraudulently claims authority from this Executor Office to administrate for RONALD ROY   HOODENPYLE, Estate. That false claim is hereby Adjourned.

You will forthwith return and transmit the specific written delegation of authority to "represent" that authorization to administrate [act as trustee] the RONALD ROY   HOODENPYLE Estate has been warranted, together with a certified copy of your oath for the Office of Court Administrator, accompanied by a certified copy of your Bar Bond James C. Duff, Court Administrator, and a detailed list of all bonds, sureties, indemnification, insurance and Court Registry Investment System (CRIS) CUSIP numbers, and full accounting relating in any way to your or any related actor's personal or professional involvement, as referenced above, through the unwarranted presentation of the arrogated paperwork intrusion upon the RONALD ROY   HOODENPYLE Estate.

govern yourself accordingly.

Certified Document:

copy to: Office of Governor
STATE OF CALIFORNIA
Arnold Schwarzenegger, Governor

copy to: Office of Attorney General
STATE OF CALIFORNIA
Edmund G. Brown, Jr., Attorney General

By: executor _[signature]_
Executor Office.
RONALD ROY   HOODENPYLE, Estate.
Nation California.
General-Post Office.
Aviara Parkway – one seven zero zero.
Carlsbad. HOODENPYLE Province.
United States Minor, Outlying Islands.
Near. [92011-9998]

STATE OF COLORADO  )
                   )  JURAT
COUNTY OF Jefferson )

Subscribed and sworn to before me, a Notary Public, this 22nd day of December 2010, upon satisfactory evidence to the identity of the affiant subscribed and sworn above.

_[signature]_ (Seal)
NOTARY PUBLIC
My Commission expires: 2-17-2014

EXHIBIT B

NAMES OF PLAINTIFFS
FILING THIS CASE
INCLUDED AS STATED
IN "Plaintiffs, List" BELOW:

## IN THE NATIONAL TENTH TRIBUNAL [~~CIRCUIT~~] COURT
Established And Located On <u>Alleged</u> United States Property
Near Denver, Colorado

| | |
|---|---|
| PLAINTIFFS, Being the People Contained In The Attached List Of People, Signed, With Addresses, And Incorporated Herein as the Plaintiffs; Continuing As the People (hereinafter as "Plaintiffs, List") <br><br> **See Plaintiffs' Further Description In Body, Below** <br><br> Plaintiffs / Insiders, Guaranteed Persons/Parties, <br><br> v. <br><br> All Departments, Whether or Not Existing Under Color of Name, of the United States [central] government; The [Alleged] United States District Court For The [Alleged] District Of Colorado – As Being De facto; All Judges And Magistrates Thereof, And All Judges Thereof As Lacking Standing As Wrongly Constructed Court; Harley G. Lappin; Douglas H. Shulman; Eric H. Holder, Jr.; The U.S. Department of Justice And Such Department(s) Or Agencies It May Represent; John & Jane Doe Members of the [alleged] Congress; The [alleged] President of the [alleged] United States; the <u>alleged</u> United States Government As Commenced UnLawful Establishment, <u>September 17, 1787</u>, - <u>Second Session</u>; - Under The <u>Proposed</u> Constitution For The <u>Proposed</u> United States Nation (Any Other Form of United States Denied All Actual Existence); the <u>Illegal</u> United States As Commenced Establishment <u>01/01/1945</u>, et al, AS: <br><br> Guarantor's Defendants (<u>Charged with Breach</u>) <br><br> <u>And Those Acting In Unlawful Concert Therewith</u> | <u>Tribunal Court (En Banc Petitioned For):</u> <br><br> <u>Tribunal Court Case #</u> _____ <br><br> **The People's Case #:** <br> <u>GB 110106-70091410000134484684</u> <br><br> <small>Entered As: Guarantee Breach ("GB")  Year # / Month # / State # / Federal Delivery # of Breach of Guarantee Lawsuit</small> <br><br> Assignment Of Clause 9 - <u>Five</u> Justice <u>Tribunal</u> (or "En Banc") Called Upon; <br><br> EXIGENT DEMAND TO TAKE JUDICIAL NOTICE OF ALL EXHIBITS AS EVIDENCE. <br><br> AN <u>ARTICLE IV, SECTION 4</u> – SUPERSEDING SUPREME LAW – **BREACH OF GUARANTEE BY U.S. GOVERNMENT GUARANTOR** – EXTRAORDINARY LAWSUIT- <u>EXISTENT AS FACT</u>, - <u>NOT</u> <u>UNDER</u> "<u>THE</u>" <u>RULES</u> <br><br> <u>Incorporate</u> U.S. Lower [~~Court~~] [Case] Numbers: <br> **PREVIOUS ALLEGED CASE FILINGS:** <br> *District [~~Court~~] #: <u>(see attached "Plaintiffs, List")</u> <br> *Bankruptcy Court #: <u>(see attached "Plaintiffs, List")</u> <br> *<u>NOT</u> <i>Cognizant</i> of A Claim of Jurisdiction Legality <br><br> Exhibited <u>Complaint</u>: v. <u>Colorado;</u> <br> Case #: <u>GB 110106484684</u> |

## A LAWSUIT ARISING UNDER ARTICLE IV, SECTION 4 – BREACH OF GUARANTEE BY GOVERNMENT GUARANTOR – ALL THREE BRANCHES THEREOF

## BY REQUISITE SUBMISSION UNDER ARTICLE IV, SECTION 4 AND UNDER THE FIFTH AMENDMENT'S "DUE PROCESS" CLAUSE THEREOF

EXHIBIT C1

physical location (the courthouse names being irrelevant) as a <u>legal entity</u> - in its entire "legal" existence as an Established Institution (compare to an *incorporation*) — of <u>the</u> [alleged] <u>District Court of the</u> [alleged] <u>District of Colorado</u>, each and ever judicial officer thereof, both as to judges and magistrate judges, therein, but not excluding any judge not known at the time of this filing, if any, the same being:

**The Defendant [alleged district] Judges, making up the primary judicial part of the Defendant [alleged] United States District Court Of The [alleged] District Of Colorado, are as follows:**

<u>Defendant Wiley Y. Daniel</u>; <u>Defendant Richard P. Matsch</u>; <u>Defendant John L. Kane</u>; <u>Defendant Zita L. Weinshienk</u>; <u>Defendant Lewis T. Babcock</u>; <u>Defendant Walker D. Miller</u>; <u>Defendant Marcia S. Krieger</u>; <u>Defendant Robert E. Blackburn</u>; <u>Defendant Philip A. Brimmer</u>; <u>Defendant Christine M. Arguello</u>; <u>Defendant David M. Ebel</u>;

**The Defendant [alleged] Magistrate Judges, making up the secondary or alleged magistrate offices of the Defendant [alleged] United States District Court Of The [alleged] District Of Colorado, are as follows:**

<u>Defendant Michael J. Watanabe</u>; <u>Defendant Boyd N. Boland</u>; <u>Defendant Craig B. Shaffer</u>; <u>Defendant Michael E. Hegarty</u>; <u>Defendant Kristen L. Mix</u>; <u>Defendant Kathleen M. Tafoya</u>; <u>Defendant Gudrun J. Rice</u>; <u>Defendant David L. West</u>;

**The Defendant [alleged] Bankruptcy Court Judges, making up the alleged part of the Defendant United States [alleged] U.S. Bankruptcy Court Of The [alleged] District Of Colorado, are as follows:**

<u>Defendant Howard R. Tallman</u>; <u>Defendant Sidney B. Brooks</u>; <u>Defendant Elizabeth E. Brown</u>; <u>Defendant A. Bruce Campbell</u>; <u>Defendant Michael E. Romero</u>;

**Additional non-judicial Defendants include:**
<u>Defendant Eric H. Holder, Jr.</u>; <u>Defendant John E. Potter</u>; <u>Defendant Douglas H. Shulman</u>; <u>Defendant Harley G. Lappin</u>; <u>Defendant Julius Genachowski</u>; <u>Defendant Michael J. Copps</u>; <u>Defendant Robert M. McDowell</u>; <u>Defendant Mignon Clyburn</u>; <u>Defendant Meredith Attwell Baker</u>; <u>Defendant Mary L. Schapiro</u>; <u>Defendant Kathleen L. Casey</u>; <u>Defendant Elisse B. Walter</u>; <u>Defendant Luis A. Aguilar</u>; <u>Defendant Troy A. Paredes</u>; <u>Defendant Jon

TRULINCS 36087013 - HOODENPYLE, RONALD ROY - Unit: ENG-J-A

---

FROM: 36087013
TO:
SUBJECT: CERTIFICATE OF SERVICE
DATE: 2/14/2011 3:48:36 PM

CERTIFICATE OF SERVICE

The below listed documents, being true and correct copies, were sealed and mailed on this date __2- 14__, 2011, via First Class U.S. Mail.

1. NOTICE OF CHALLENGE OF JURISDICTION AND DEMAND FOR DISMISSAL WITH PREJUDICE AND VIOLATION OF MY CIVIL AND CONSTITUTIONAL RIGHTS OF 1787 AND THE BILL OF RIGHTS 1791, 5 PAGES.

2. ACTUAL INNOCENCE CLAIM, TITLE 18 IS NOT CONSTITUTOPNAL LAW, EXHIBIT A, 7 PAGES.

3. EXECUTOR DOCUMENT OF RONALD ROY HOODENPYLE ESTATE, EXHIBIT B.

4. TWO PAGES FROM EXTRAORDINARY LAWSUIT AS A SIGNOR AND PLAINTIFF, EXHIBIT C-1 AND C-2.

Signed _Ronald Roy Hoodenpyle_ Date _2-14-2011_
        Ronald Roy Hoodenpyle
Witness _[signature]_ Date _2/14/11_
Witness _[signature]_ Date _2/14/11_